

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00116-CR

Steven Lyn **DEATON**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 144th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR6243
Honorable Michael E. Mery, Judge Presiding

PER CURIAM

Sitting:      Luz Elena D. Chapa, Justice
Irene Rios, Justice
Beth Watkins, Justice

Delivered and Filed: May 3, 2023

DISMISSED

Appellant Steven Lyn Deaton entered into a plea bargain agreement with the State pursuant to which he pleaded nolo contendere to the charged offense of indecency with a child. The trial court imposed a sentence on January 10, 2023 in accordance with the agreement and signed a certificate stating this "is a plea-bargain case, and the defendant has NO right of appeal." *See* TEX. R. APP. P. 25.2(a)(2). The certificate further stated "the defendant has waived the right of appeal." *See id*. Appellant then filed a notice of appeal, and the district clerk filed a

copy of the clerk's record, which included the trial court's Rule 25.2(a)(2) certification and written plea bargain agreement.

Rule 25.2(a)(2) provides "[i]n a plea bargain case . . . a defendant may appeal only: (A) those matters that were raised by written motion filed and ruled on before trial, (B) after getting the trial court's permission to appeal; or (C) where the specific appeal is expressly authorized by statute." *Id.* Rule 25.2(d) further provides we must dismiss an appeal "if a certification that shows the defendant has the right of appeal has not been made part of the record." *Id*. R. 25.2(d). Here, the clerk's record establishes the punishment assessed by the court does not exceed the punishment recommended by the prosecutor and agreed to by the defendant. *See id.* R. 25.2(a)(2). The record also supports the trial court's certification that appellant does not have a right to appeal. *See Dears v. State*, 154 S.W.3d 610 (Tex. Crim. App. 2005) (holding court of appeals should review clerk's record to determine whether trial court's certification is accurate).

On March 17, 2023, we ordered appellant to file a response establishing an amended certification showing he has the right to appeal has been made part of the appellate record. *See* TEX. R. APP. P. 25.2(d), 37.1. We advised appellant that if a supplemental clerk's record was required to show he has the right to appeal, he was required to request a supplemental record from the trial court clerk and file a copy of the request with this court. Finally, we admonished appellant that a failure to satisfactorily respond to this order within the time provided would result in the dismissal of this appeal.

On April 13, 2023, appellant filed a response stating he contacted trial counsel and confirmed this case is a plea bargain case, the trial judge followed the plea bargain agreement, and appellant waived his right to appeal. He further stated he filed a "Request for Permission to

Appeal," and the trial court denied his request. Accordingly, without an amended certification establishing appellant's right to appeal, we dismiss the appeal.  *See* TEX. R. APP. P. 25.2(d).

PER CURIAM

Do Not Publish